SHELBY et al. v. CHOURNOS.

No. 7317. Decided December 26, 1950. (225 P. 2d 725.)

See 3 C. J. S. Animals, Sec. 231. Liability for injury to trespassing animals, see note, 33 A. L. R. 448. See, also, 2 Am. Jur. 787.

*Thatcher & Young,* Ogden, for appellant.

*Clyde C. Patterson,* Ogden, for respondents.

McDONOUGH, Justice.

Plaintiffs as co-owners of 36 head of steers which trespassed upon lands of defendant, sued defendant to recover damages for loss of weight allegedly caused by driving said cattle off defendant's land for a distance of several miles in an opposite direction from plaintiff's land. From a judgment in favor of plaintiffs, defendant appeals. Defendant contends that the findings and conclusions are not supported by the evidence, and that the judgment is contrary to law.

The trial court found that prior to September 29, 1946, the 36 steers were kept within an enclosure owned by plaintiffs and not released therefrom except for the purpose of

driving the same down a road customarily used by Shelby and others to water and returning the same along said road to the enclosure; and that on said date plaintiffs released the steers from the enclosure to permit them to graze upon other land belonging to plaintiff LeRoy Shelby, which said lands were partially enclosed by a fence. The court further found that 19 of the steers wandered from the land of plaintiffs upon the adjoining lands of the defendant; that upon discovery of the steers upon his land defendant maliciously drove them off his land at an excessive rate of speed with the aid of a dog for a considerable distance beyond defendant's boundaries and scattered them among the breaks and brush where there was insufficient feed and water for their subsistence; and that as to the 17 other steers, defendant found them at a spring and drove them in an unusual manner for a distance of four to six miles beyond his land into an area where there was insufficient feed and water. The court found that plaintiffs did not know and did not have any reason to believe that their stock would stray from plaintiffs' land, and that when plaintiffs found them they had lost an average of 90 pounds in weight per animal, and the court thereupon computed damage.

There was evidence that plaintiffs' stock had frequently trespassed upon and grazed on defendant's land. With one possible exception, all of the places where the stock could obtain water were on defendant's land or on his leaseholds. The record further shows that the pasture where the steers were supposed to be grazing was only partially fenced during the major portion of the time from June 10, 1946 to September 29, 1946, that a portion of the fence was broken in one place, and another stretch thereof had only one wire.

The respondent concedes that the owner of land has the right to drive off trespassing animals. He, however, con-

tends that in doing so he must exercise that degree of care to prevent injury to them that would ordinarily be observed by a prudent person and that if any harm results to them from the failure to exercise such caution, he is liable in damages to the owner of such animals. Nor is it seriously disputed that the use of dogs is permissible in driving off the animals, particularly in rough, unfenced country where driving them would be difficult without the use of dogs.

The appellant, conceding that only reasonable force may be used in the removal of trespassing animals, contends that, as to certain of the cattle here involved, there is no competent substantial evidence to sustain the finding of the trial court to the effect that unnecessary force was used in their removal from appellant's land. He further contends that the court below erred in computing damages on the loss of weight of the animals occasionable both by excessive force used in ejecting them and by the lack of feed in the area to which they were driven. We find substantial competent evidence in the record to sustain the findings of the trial court with respect to the 36 head of cattle being driven at an unreasonable rate of speed and being left in rough country where there was insufficient feed and water and where it was difficult to round them up. Nor did the court below err in the assessment of damages.

Plaintiff Shelby testified that the stock was within his fence at 10 o'clock of the morning of September 29th; that in the evening he and his wife went to round up the cattle and opened the gate to the fence adjoining the land of defendant; stopped to converse with a third person, and during the period of that conversation defendant rode along on his horse with two dogs. Other witnesses for plaintiff testified that defendant was seen driving about 17 steers down the road for some distance at a rapid pace with dogs biting at their heels, and that some steers had

their tongues hanging out and appeared to be tired. No one watched the defendant drive any stock entirely off his property, but plaintiff Shelby testified that he could trace the hoofmarks of defendant's horse and also the steers for several miles, and that the marks on the ground indicated that the stock had been running. He testified that he followed the trail of the stock four or five miles that evening, and saw some of the cattle in the willows. As to the remaining 19 head, respondent Shelby, after testifying as to his competence as a tracker of animals, stated that after following the 17 head just alluded to, he followed the marks of the other animals leading into similar rough country and found the tracks of a horse and dog apparently following them. The horse track was made by a No. 2 horseshoe and was made by a single-footed animal, which fact he was able to determine from the apparent gait evidenced by the shoe marks on the ground. He gave other evidence which would support the finding that the 19 head were likewise driven at a rapid rate. He testified that the cattle so driven intermingled with other stock and that he did not recover them for three weeks. It was during this period of three weeks that the cattle allegedly lost in weight.

Appellant, however, contends that even though the evidence would warrant the finding of the court to the effect that respondent's cattle were driven at an excessive rate when they were removed from appellant's premises and that they lost some weight because thereof; nevertheless he is not liable for any subsequent loss in weight occasioned by the cattle not having sufficient feed and water to keep them in prime condition. He asserts that he has no duty to feed the trespassing animals of another. This must be conceded. Nor does respondent make any contrary contention. His position is that the appellant's wrong consisted not only in driving the cattle at an excessive speed but in driving them off his land at a point several miles

distant and in the opposite direction from the land of respondent, though the premises of respondent were but a half-mile from the spot where the cattle were found by appellant, and of leaving them at a point where they would mingle with other range cattle in rough country where it would be difficult to gather them and where there was insufficient feed. In this, we think the respondent must be upheld.

When appellant encountered the 17 head of cattle near the spring, he saw respondent Shelby and his wife on the road where they had stopped momentarily to talk with a third person. They were on horses, though appellant said he did not see any horses. He knew the cattle belonged to respondents. No request was made that the latter remove the cattle from his land. On the contrary, the cattle were driven in a direction away from the owners and the latter's land. That his act in so doing was, aside from the excessive driving, a wrong to the plaintiffs is palpable. It was not the act of one who uses reasonable care in ridding his land of trespassing animals. Rather, the act of excessive driving and that of driving the cattle a long distance from the owners' premises and into rough territory where there was insufficient feed, were but concomitants of the same wrong. The defendant must respond in damages for the total result. The lower court did not err in so holding.

The judgment is accordingly affirmed. Costs to respondent.

PRATT, C. J., and WADE, WOLFE and LATIMER, JJ., concur.